UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANA LYON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| KOHLER CO., | § | |
| | § | |
| Defendant/Third Party Plaintiff, | § | CIVIL ACTION NO. H-04-3533 |
| | § | |
| VS. | § | |
| | § | |
| WATTS WATER TECHNOLOGIES, INC., | § | |
| | § | |
| Third Party Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this product liability suit are Plaintiff Dana Lyon's ("Lyon") and Third-Party Plaintiff Kohler Co.'s ("Kohler") motions for leave to file amended Complaints. After considering the parties' filings and oral arguments and the applicable law, the Court finds that Lyon's motion, Docket No. 65, should be and hereby is **GRANTED** and that Kohler's motion, Docket No. 69, should be and hereby is **DENIED**. Third-Party Defendant Watts Water Technologies, Inc.'s ("Watts") Amended Answer is hereby **STRICKEN**.

The scheduling order currently in effect provides that amendments to the parties' pleadings were due on or before May 1, 2006. On April 25, 2006, Lyon filed her motion for leave to amend, seeking to add: (1) a claim for damages arising from the stigma attached to her home as a result of the events giving rise to this action; (2) a claim for punitive damages arising from Kohler's allegedly knowing conduct; and (3) a specific

allegation regarding the alleged defect, as required by *Gen. Motors Corp. v. Hudiburg Chevrolet*, 49 Tex. Sup. Ct. J. 464, 2006 WL 741552 (Tex. Mar. 24, 2006). The motion is unopposed except insofar as it seeks to add a punitive damages claim, to which Kohler objects. The Court finds that the opposed claim does not constitute an unfair surprise and will not add significantly to the preparations required for trial. Lyon's motion for leave to amend is, accordingly, **GRANTED**.

On May 1, 2006, Kohler filed its motion for leave to file a First Amended Third Party Complaint against Third-Party Defendant Watts Water Technologies Inc. ("Watts"). Watts opposes that motion on the ground that it seeks to add at least five new causes of action against Watts, arising from facts not at issue in the case as currently constituted. Watts points out that only one month now remains before the discovery period closes and that trial is set to commence on July 31, 2006, a mere two months from now. In response, Kohler contends that Watts itself amended its Answer only a few weeks before the deadline for amendments and that Watts's Amended Answer contains many factual allegations and legal claims not included in its original Answer.

The Federal Rules of Civil Procedure provide that a party may amend its pleading once, as a matter of course, at any time before a responsive pleading is served or, if no responsive pleading is required, within twenty days after service of the pleading sought to be amended. FED. R. CIV. P. 15(a). Thereafter, a party seeking to amend must obtain either the consent of all opposing parties or leave of the Court. *Id.* The Rules state that "leave [to amend] shall be freely given when justice so requires." *Id.* The Court may deny such leave, however, upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party, [or] futility of amendment." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (internal quotation marks omitted).

In this case, the Court finds that, while none of the parties appears to have acted in bad faith and none has previously sought to amend its pleading, Kohler's and Watts's proposed amendments will, if permitted, prejudice the parties against which they are asserted, as a result of Kohler's and Watts's undue delays in requesting leave to amend. The Court has already postponed trial once in this case and is loath to do so again. Given the brevity of the period remaining before the July 31 trial date and the novelty of the factual and legal claims raised for the first time in Kohler's and Watts's amended pleadings, the Court believes that it would be difficult, if not impossible, for the parties to prepare adequately if those amendments were permitted. Accordingly, Lyon's motion for leave to amend is **GRANTED**, and the Clerk of the Court is hereby **ORDERED** to add Lyon's First Amended Complaint to the docket. Kohler's motion for leave to amend is **DENIED**. Watts's Amended Answer is **STRICKEN** from the docket.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 25th day of May, 2006.

_[signature]_

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**