UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANA LYON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | |
| KOHLER COMPANY, | § | |
| | § | |
| Defendant/Third Party Plaintiff, | § | CIVIL ACTION NO. H-04-3533 |
| | § | |
| VS. | § | |
| | § | |
| WATTS WATER TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant/Third Party Plaintiff, | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Kohler Company's ("Kohler") motion for partial summary judgment, which seeks to reduce the amount of damages that Plaintiff Dana Lyon may recover from Kohler by the amount paid to Lyon by her insurer, Farmers Insurance Exchange ("Farmers"), a former defendant in a state suit filed by Lyon and a former Intervenor Plaintiff and Third-Party Defendant in this action. Kohler argues that Farmers's payment to Lyon is deductible under the one satisfaction rule, which prohibits a plaintiff from recovering twice for one indivisible injury. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991). Lyon contends, however, that the payment was not a settlement of her tort claims against Farmers but, rather, an insurance payment exempt from § 33.012(b) under the collateral source rule, which provides that "a wrongdoer should not have the benefit of insurance independently procured by the

1

injured party, and to which the wrongdoer was not privy." *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 934 (Tex. 1980).

It is unclear whether and to what extent Farmers's payments to Lyon arose from the insurance contract and not this lawsuit. That question is, however, immaterial to the Court's resolution of Kohler's motion, because the one satisfaction rule applies only to cases involving one indivisible injury. Here, Lyon alleges separate causes of action, and separate damages, against each Defendant. She asserts that Kohler caused flood damage to her house by manufacturing a toilet that leaked, and that Farmers worsened that damage by failing timely to pay her the insurance money that it owed her, ultimately causing mold damage to large areas of her home.

While Lyon's claims are related, in that Farmers's alleged obligation to pay insurance monies was triggered by the flood allegedly caused by Kohler, they are not claims of a single injury. By way of analogy, a plaintiff could file suit for battery against the assailant who injured her and for malpractice against the doctor whose negligence exacerbated the injury. Because the two harms alleged would be meaningfully different, such a plaintiff could accept a settlement payment from the doctor without reducing the amount of her claim against the assailant. Indeed, that is the preferable result, since the damages awarded in tort cases are calculated to provide optimal deterrence, *see* Eric A. Posner & Cass R. Sunstein, *Dollars and Death*, 72 U. CHI. L. REV. 537, 553-57 (2005), and a second tort by a second party does not alter the optimal deterrence level. Two wrongs not only do not make a right but also do not make each wrong a lesser one.

Accordingly, the one satisfaction rule is inapplicable here, and Kohler's motion is therefore **DENIED**.[1]

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 21st day of June, 2006.

                                          KEITH P. ELLISON
                                          UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] The Court is, of course, willing to revisit the issue if evidence is subsequently adduced that would justify a different ruling.