**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DANA LYON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | |
| | § | |
| **KOHLER CO.,** | § | |
| | § | |
| **Defendant/Third Party Plaintiff,** | § | **CIVIL ACTION NO. H-04-3533** |
| | § | |
| **VS.** | § | |
| | § | |
| **WATTS WATER TECHNOLOGIES,** | § | |
| **INC.,** | § | |
| | § | |
| **Third Party Defendant.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court in this product liability suit is Third-Party Defendant Watts Water Technologies, Inc.'s ("Watts") motion to compel Defendant Kohler Co. ("Kohler") to respond to discovery requests.  After reviewing the parties' filings, the Court finds that additional information is necessary to the resolution of the discovery dispute.  Accordingly, the parties are hereby **ORDERED** to submit, within ten days of the issuance of this Memorandum and Order, briefs addressing the following issues:

A.  With regard to the requested document production:

(1) The percentage of Kohler toilets, manufactured and/or sold during the pertinent time period, that incorporated the Watts pressure regulator.

(2) The necessity of Jeffrey Collins's reports to Watts's effort to eliminate potential alternative sources of the leak.

(3) Any previous disputes between Kohler and Watts concerning the Collins reports, the resolutions of those disputes, and any previous production by Kohler of part or all of the reports.

(4) The ease or difficulty of producing the Collins reports in a readily usable form.

(5) The proper allocation of discovery costs associated with production of the Collins reports.

B. With regard to the requested affidavit:

(1) Any additional due diligence that will be necessary to execution of the affidavit, and the reason that such additional effort will be required.

(2) The difference, if any, between the legal import of an affidavit and that of the discovery responses already provided by Kohler.

(3) All available information concerning the whereabouts and/or history of the documents described by former Kohler employee John Schiek.

(4) Kohler's current document-retention policies concerning documents relevant to litigation between Kohler and Watts, and the effective dates of those policies.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 22nd day of June, 2006.

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**